**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

WILLIAM BILLY GENE CARTER,

    *Plaintiff,*

v.

VALERIE HUHN,

    *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 4:26-cv-00504-JMD

**MEMORANDUM AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

*Pro se* litigant William Carter is civilly committed in the Missouri Sexual Offender Rehabilitation and Treatment Services program. He filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241. He moved to proceed *in forma pauperis*, ECF 2, so the Court must examine his complaint pre-service to screen for frivolity, maliciousness, and failure to state a claim. 28 U.S.C. § 1915(e)(2). The Court accepts his well-pleaded facts as true and liberally construes his pleading. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Carter should have filed in a different district. And it is not clear from his complaint whether he has exhausted all available non-habeas remedies. The Court dismisses this action without prejudice and denies his other motions as moot.

**I.**

First, this action belongs in the Western District of Missouri. A petition under § 2241 generally "must be filed in the district where the petitioner is incarcerated." *Roberson v. Cox*, 4:20-cv-04109-LLP, 2020 WL 13827143, at \*4 (D.S.D. Nov. 19, 2020); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement,

1

jurisdiction lies in only one district: the district of confinement."). Carter is in the Western District of Missouri, not its eastern counterpart. He states that his address is "Fulton State Hospital – SORTS Complex, 600 E. 5th Street, Fulton, Mo. 65251." ECF 1 at 1. That facility is in Callaway County, within the Western District.

A limited exception to the general rule might provide the Eastern District of Missouri with concurrent jurisdiction, but the Court has statutory discretion to decline jurisdiction. Congress provided that when a State has two or more districts, a § 2241 application "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." § 2241(d). But the latter district court, "in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

Carter appears to have been "charged in the Circuit Court of Macon County" before "the case was transferred . . . to Adair County," where "the circuit court . . . ordered that he be committed." *Carter v. Huhn*, No. 4:20-cv-01585-SEP, 2023 WL 2239037, at *1 (E.D. Mo. Feb. 27, 2023). Both counties fall within the Eastern District of Missouri. So under this limited exception, both districts in Missouri might exercise jurisdiction.

But in the exercise of its discretion and in furtherance of justice, § 2241(d), the Court finds this issue is best resolved in the district where Carter is now committed. Section 2241(d) gives the district of conviction concurrent jurisdiction, but Carter does not challenge the underlying order in the Eastern District that initially committed him to the mental health facility. Instead, he asserts that he has recovered his sanity and is no longer dangerous, so he should now be released, and he complains that the facility in the Western District has refused to recognize his improvement. ECF 1 at 8. Carter thus challenges actions that have

2

occurred in the Western District, not the Eastern District.  The Western District is thus the best district for him to press his claims.

## II.

While a court ordinarily should "transfer" an action to a different district under § 2241(d), the Court here will dismiss because Carter has not alleged that he exhausted all remedies available.  "[H]abeas corpus is an extraordinary remedy typically only available when the petitioner has *no other remedy*."  *Archuleta v. Hedrick*, 365 F.3d 644, 648 (8th Cir. 2004) (citation omitted and emphasis added).  A detainee bringing a § 2241 petition must "demonstrate he had presented his claim to [his facility] before seeking habeas corpus relief." *United States v. Thompson*, 297 F. App'x 561, 562 (8th Cir. Oct. 16, 2008) (per curiam and unpublished) (citing sources).  Carter did not.  He alleges that he filed suit in the Missouri Court of Appeals for the Western District,[1] but he provides no information about what actions he took—if any—to obtain relief from his SORTS facility.  In fact, other than that action in state court, Carter checked the "No" box to the question: "Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?"[2]  ECF 1 at 5.  If Carter refiles his petition, he must do so in the Western District, and he must allege that he exhausted all available administrative remedies before bringing a petition under § 2241.

---

[1] It is also unclear that he exhausted state court relief.  The state court dismissed his action because he attempted to appeal an order that was "neither final nor otherwise appealable."  ECF 1-4 at 1.

[2] The Court is concerned that Carter has failed to acknowledge other habeas petitions filed under different statutory authority in his petition.  *See Carter,* 2023 WL 2239037, at *3–4 (noting that Carter raised two grounds challenging his confinement under § 2254 that are nearly identical to the ones he raises in this case).  Carter affirmed that "neither this same cause, nor a substantially equivalent complaint, has been previously filed in this Court . . . ." ECF 1-1 at 1.  Given the prior case on nearly identical claims, his statement does not appear entirely accurate.

## Conclusion

Carter should have filed in the Western District, and he has not clearly exhausted his available alternatives to habeas relief.  The Court **DENIES** Carter's petition for writ of habeas corpus, ECF 1.  A separate order of dismissal shall accompany this memorandum and order.  The Court also **DENIES** as moot (1) his motion for leave to proceed in forma pauperis, ECF 2, and (2) his motion to appoint counsel, ECF 3.

Dated this 26th day of June, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI